**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| AON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | **JURY DEMAND** |
| vs. | ) | |
| | ) | |
| JOSE LUIS CONTRERAS CABEZAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

1.　　Aon Corporation ("Aon Corp.," "Plaintiff," or "Aon") submits these claims against defendant Jose Luis Contreras Cabezas ("Contreras" or "Defendant").

2.　　This action is based on breaches of fiduciary duty and fraud committed by Contreras against Aon. At all relevant times Contreras served as Chief Executive Officer ("CEO"), General Manager ("GM"), and Chairman of the Board of Aon Bolivia S.A. Corredores de Seguros ("Aon Bolivia") and Aon Re Bolivia S.A. Corredores de Reaseguros ("Aon Re Bolivia"), both of which are wholly-owned subsidiaries of Aon. Accordingly, Contreras owed fiduciary duties to Aon as the sole shareholder and parent company.

3.　　In derogation of his fiduciary duties to Aon, between at least 2011 and 2014, Contreras misappropriated funds belonging to Aon Bolivia and Aon Re Bolivia by various means, and he engaged in multiple acts of self-dealing with respect to the business of those companies. Contreras further breached his fiduciary duties by knowingly and fraudulently submitting inaccurate financial reports with respect to Aon Bolivia and Aon Re Bolivia, and

otherwise concealing from and failing to disclose to Aon his acts of misappropriation and self-dealing.

4.      Aon has suffered injury as a direct and proximate result of Contreras' misconduct, including, but not limited to, all losses and costs relating to the regulatory action taken by Bolivian regulatory authorities with respect to Aon Re Bolivia, and all losses and costs associated with the investigation and remediation of Contreras' misconduct. Aon's losses relating to the regulatory action include the loss of the value of Aon Re Bolivia's business and Aon's ability to engage in the business of local reinsurance brokerage in Bolivia, as well as the resulting severe damage and impairment to the value of Aon Bolivia's retail brokerage business. In total, Aon has incurred damages of approximately $20 million, and its damages continue to mount. Aon does not seek damages herein for harm to Aon Bolivia or Aon Re Bolivia resulting from Contreras's misconduct and misappropriation, which harm is the subject of a separate action to be brought by those entities—not Aon—against Contreras in the Plurinational State of Bolivia.

5.      In support thereof, Plaintiff states as follows:

## PARTIES

6.      Defendant Contreras is the former CEO, and Chairman of the Board of Aon Bolivia and Aon Re Bolivia. He also served as GM of Aon Bolivia and Aon Re Bolivia pursuant to a Power of Attorney conferred upon him. He served as GM, pursuant to a Power of Attorney conferred upon him, of Aon Consulting Bolivia S.R.L. ("Aon Consulting"). Contreras is an individual and, on information and belief, a resident of Bolivia.

7.      Plaintiff Aon Corp. is a Delaware corporation with its principal place of business in Chicago, Illinois. Through Aon Corp.'s 100% ownership of Aon Risk Services

2

Companies, Inc., Aon Risk Services (Holdings) of Latin America, and Aon Risk Services (Holdings) of the Americas Inc., Aon Corp. owns 100% of Aon Bolivia and Aon Re Bolivia and 99% of Aon Consulting. Aon Risk Services Companies, Inc., is a wholly-owned subsidiary of Aon Corp., and owns 98% of Aon Bolivia and 98% of Aon Re Bolivia, which in turn owns 99% of Aon Consulting. Aon Risk Services (Holdings) of Latin America is a wholly-owned subsidiary of Aon Corp., and owns 1% of Aon Bolivia and 1% of Aon Re Bolivia, which in turn owns 99% of Aon Consulting. Aon Risk Services (Holdings) of the Americas Inc. is a wholly-owned subsidiary of Aon Corp., and owns 1% of Aon Bolivia and 1% of Aon Re Bolivia, which in turn owns 99% of Aon Consulting. During the relevant time period, Aon Bolivia, Aon Re Bolivia, and Aon Consulting reported to Aon Corp. collectively.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a). The citizenship of the parties is diverse and the amount in controversy exceeds $75,000.

9.     This Court has jurisdiction over Contreras pursuant to 735 ILCS 5/2-209(a)(l), (2), (10), and (11), and because he intentionally directed tortious conduct at Illinois for his own personal benefit, knowing that such conduct would cause injury and damages to Plaintiff in Illinois.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (c)(3).

## NATURE OF THE ACTION

11.     Aon Bolivia is a Bolivian company that was formed in 2001 for the purpose of conducting licensed retail insurance brokerage in Bolivia. It is a wholly-owned subsidiary of Aon.

12.     Aon Re Bolivia is a Bolivian company that was formed in 2001 for the purpose of conducting licensed reinsurance brokerage in Bolivia.  It is a wholly-owned subsidiary of Aon.

13.     Aon Consulting is a non-regulated Bolivian company that was formed in 2004 for the purpose of conducting consulting services in Bolivia.  It is a 99%-owned subsidiary of Aon.  During all relevant times, Contreras manipulated Aon Consulting as a conduit to which he directed funds belonging to Aon Re Bolivia and Aon Bolivia to facilitate and accomplish certain misconduct alleged herein for his personal benefit.

14.     From September 2001 until April 2014, Contreras was the CEO, GM, and Chairman of the Board of Aon Bolivia and Aon Re Bolivia.  From 2004 until April 2014, Contreras also served as GM of Aon Consulting pursuant to a Power of Attorney conferred upon him.  On April 21, 2014, Contreras' Power of Attorney as GM to manage Aon Bolivia and Aon Re Bolivia was revoked.  On April 30, 2014, Contreras resigned from his positions with Aon Bolivia and Aon Re Bolivia after his egregious misconduct was first uncovered by Aon.  On April 25, 2014, Contreras' Power of Attorney as GM to manage Aon Consulting was revoked.

15.     While Contreras held these positions, Contreras owed fiduciary duties to Aon as the ultimate sole shareholder and parent company of Aon Bolivia and Aon Re Bolivia. Those fiduciary duties included the duty of loyalty, honesty and good faith, candor, and the duty to exercise his best care, skill, and judgment in the management of Aon Bolivia and Aon Re Bolivia for Aon's benefit.

16.     Grupcor S.R.L. ("Grupcor") is a Bolivian company that was formed by Contreras and Gonzalo Luis Romero Benavente ("Romero") on or before February 23, 2012.

4

Contreras and Romero were at all relevant times, and on information and belief remain, the sole shareholders of Grupcor S.R.L., with each owning fifty percent (50%) of the company. At all relevant times, Romero was the Chief Operating Officer ("COO") of Aon Bolivia, Aon Re Bolivia, and Aon Consulting. Romero no longer holds those positions with Aon. Grupcor is not affiliated with, or owned by, Aon, Aon Bolivia, Aon Re Bolivia, or Aon Consulting.

17.     This action arises out of Contreras' misconduct during his tenure as an executive and officer for Aon Bolivia, Aon Re Bolivia, and Aon Consulting. During this time, Contreras breached his fiduciary duties to Aon, and made or caused to be made material misrepresentations and omissions to Aon, for the purpose of gaining significant monetary benefit for himself and concealing and perpetuating his misconduct, with the knowledge that Aon would rely on those misrepresentations and omissions.

18.     Specifically, Contreras violated his fiduciary duty to Aon by: (1) improperly misappropriating funds from Aon Bolivia and Aon Re Bolivia, and concealing these misappropriations by making or directing those under his management to make false entries in the books and records of Aon Bolivia, Aon Re Bolivia, and Aon Consulting; (2) misappropriating Aon Re Bolivia funds to purchase a building in La Paz, Bolivia, in the name of Grupcor, and misappropriating Aon Bolivia funds to then make rental payments to Grupcor to rent space in that building, all for the benefit of Grupcor and therefore Contreras; (3) misappropriating Aon Re Bolivia funds to purchase offices and parking spaces in Santa Cruz de La Sierra, Bolivia, in the name of Grupcor, and then causing Grupcor to enter a lease to rent that space to Aon Bolivia, all for the benefit of Grupcor and therefore Contreras; (4) violating the Aon Code of Conduct by engaging in self-dealing and failing to keep and maintain accurate business records for Aon Bolivia and Aon Re Bolivia; (5) failing to disclose

5

in Aon's annual Conflict of Interest Questionnaire that he violated the Aon Code of Conduct and engaged in self-dealing, both by directing corporate funds to himself and by causing Aon Bolivia and Aon Re Bolivia to enter into business transactions with Grupcor; (6) sending or causing to be sent to Aon in Illinois quarterly financial reports that did not accurately reflect the true financial and accounting results for Aon Bolivia and Aon Re Bolivia; (7) underreporting Aon Re Bolivia revenues, and thereby causing Bolivian insurance regulators to permanently revoke Aon Re Bolivia's insurance brokerage license; and (8) engaging in other grossly fraudulent conduct as set forth below.

19.     In addition, Contreras purposefully, knowingly, and intentionally directed fraudulent misrepresentations and omissions at Aon in Illinois in order to conceal and perpetuate his misconduct, knowing that such misrepresentations and omissions would cause injury to Aon in Illinois, by:  (1) sending or causing to be sent false quarterly financial and accounting records of Aon Bolivia, Aon Re Bolivia, and Aon Consulting to Aon in Illinois, which misrepresented their financial results and which omitted material facts reflecting Contreras' misconduct; (2) failing to disclose in Aon's annual Conflict of Interest Questionnaire that he violated the Aon Code of Conduct and engaged in self-dealing, both by misappropriating funds to pay himself and by causing Aon Bolivia and Aon Re Bolivia to enter into business transactions with Grupcor; (3) failing to disclose in numerous emails Contreras sent or caused to be sent to Aon in Illinois regarding the financial results of Aon Re Bolivia that he underreported Aon Re Bolivia revenues; (4) misrepresenting and failing to disclose material information regarding the financials of Aon Re Bolivia in the proposal to purchase Aon Re Bolivia that he sent to Aon employees in Illinois; and (5) sending or causing to be sent communications to Aon in Illinois seeking approval for a lease with Grupcor for

6

office space in Santa Cruz, Bolivia, that misrepresented the true owner of Grupcor in order to conceal Contreras' ownership interest in that company.

20.     Contreras' misconduct was only discovered by Aon as the result of a costly and extensive investigation and a special audit by an outside accounting firm engaged by Aon, after unexplained payments Contreras was apparently making to himself were discovered by Aon in March and April 2014.

21.     Contreras' misconduct while he was CEO of Aon's companies in Bolivia, among other things, resulted in Bolivian insurance regulators permanently revoking Aon Re Bolivia's brokerage license, intervening to take control of Aon Re Bolivia, and restricting Aon from conducting reinsurance brokerage business as a locally incorporated entity in Bolivia.

22.     On information and belief, Contreras engaged in additional misconduct that will be uncovered through discovery in this action, including additional misappropriation of funds of Aon Bolivia and Aon Re Bolivia to himself, his company Grupcor, and/or for his own personal gain, against the interests of the companies to which he owed a fiduciary duty of loyalty and care and from which he concealed his misconduct by manipulating financial and accounting records.

23.     As a result of Contreras' heinous and egregious misconduct, which was solely for his own personal benefit and knowingly and purposefully directed to cause injury to Aon in Illinois, Aon has suffered approximately $20 million in damages and possibly much more. Aon's damages include, but are not limited to:  significant costs incurred in connection with Aon's investigation of Contreras' misconduct and in connection with addressing regulatory issues in Bolivia; the lost value of Aon Re Bolivia's business and of Aon's ability to conduct reinsurance brokerage business locally in Bolivia; the lost value of Aon Bolivia's retail

insurance brokerage business; and hundreds of thousands of dollars in capital contributions to Aon Re Bolivia that have been needed to make up for the shortfall of Aon Re Bolivia's funds caused by Contreras' misconduct. These damages continue to mount as Aon is forced to continue addressing the financial, regulatory, and other repercussions of Contreras' misconduct.

## RELEVANT FACTS

## I. AON UNCOVERS SIGNIFICANT IRREGULARITIES, MISAPPROPRIATION OF FUNDS, AND CONCEALMENT OF MISCONDUCT.

24. In March and April 2014, Aon began an internal review that uncovered that Contreras had misappropriated to himself funds from Aon Re Bolivia and Aon Bolivia accounts, at various times using Aon Consulting as a conduit for such misappropriations.

25. About the same time that Aon began its internal review, Contreras voluntarily resigned from all of his positions with Aon Bolivia and Aon Re Bolivia, and his Powers of Attorney to act as GM of Aon Bolivia, Aon Re Bolivia, and Aon Consulting were revoked.

26. As a result of its internal review, Aon engaged an outside auditor, Deloitte S.R.L. ("Deloitte"), to carry out a special audit of Aon Bolivia, Aon Re Bolivia, and Aon Consulting (the "Deloitte Audit").

27. The Deloitte Audit confirmed that Contreras had misappropriated funds from Aon Bolivia and Aon Re Bolivia, both directly and by funneling Aon Re Bolivia funds through Aon Consulting accounts. Specifically, it uncovered, *inter alia*, that: (i) Contreras and Romero had incorporated and had joint ownership of Grupcor, which was never disclosed to Aon; (ii) Contreras misappropriated Aon Re Bolivia funds, which he directed through Aon Consulting, to purchase a building in the name of Grupcor, and misappropriated Aon Bolivia

funds to then make rental payments to Grupcor to rent space in that building, all for the benefit of Grupcor and therefore Contreras and Romero; (iii) Contreras misappropriated Aon Re Bolivia funds to purchase offices and parking spaces in the name of Grupcor and caused Grupcor to enter a lease to rent that space to Aon Bolivia, all for the benefit of Grupcor and therefore Contreras and Romero; and (iv) Contreras misappropriated additional funds from Aon Re Bolivia to make payments to himself, including, but not limited to, payments of over $275,000 to an E*Trade account in the U.S. in Contreras' name, which he concealed by misrepresenting the nature and purpose of the payments in financial and accounting records.

28.     In all, Contreras misappropriated millions of dollars from Aon Bolivia and Aon Re Bolivia.  On information and belief, Contreras was responsible for additional misappropriation of funds of Aon Bolivia and Aon Re Bolivia to himself, his company Grupcor, and/or for his own personal gain which he has fraudulently concealed.

## II. CONTRERAS IMPROPERLY MISAPPROPRIATED FUNDS FROM AON BOLIVIA AND AON RE BOLIVIA TO BENEFIT HIS OWN COMPANY, GRUPCOR, AND HIMSELF.

29.     The investigation revealed that on or around March 31, 2012, Contreras misappropriated $710,000 of Aon Re Bolivia funds, which he diverted to Aon Consulting through an intercompany funds transfer, to acquire a building in the name of his company, Grupcor.  This building was located on Calle 14, No. 8164 of the Zone of Calacoto in the City of La Paz, Bolivia (the "Building").

30.     Contreras never informed Aon that he or his company, Grupcor, had used Aon Re Bolivia funds in an Aon Consulting account to purchase the Building.  Neither Aon Re Bolivia nor Aon Consulting has ever received any form of repayment of the misappropriated funds used by Contreras to purchase the Building.

9

31.     The investigation also revealed that in 2013 and 2014, after purchasing the Building, Contreras misappropriated Aon Bolivia funds to make advance rent payments totaling $87,600 to Grupcor, as payments for Aon Bolivia's rental of space in the Building. Such advance rent payments directly benefited Contreras, whom having misappropriated funds to purchase the Building in the name of his company, Grupcor, also then received the rent payments.

32.     In addition, Contreras, through Grupcor, obtained additional improper benefits from renting a portion of the Building it had purchased with misappropriated Aon Re Bolivia funds to another company that is unaffiliated with Aon, and by retaining the rental payments for his personal benefit.

33.     Contreras never informed Aon that he was personally benefiting from the rents paid by Aon Bolivia or other companies.  Aon Bolivia has never received any form of repayment of the misappropriated funds used by Contreras to make rental payments to his own company, Grupcor, or of any rental payment from third parties.

34.     Contreras also misappropriated an additional $810,000 in funds belonging to Aon Re Bolivia on or about October 2012, and an additional $330,000 in funds belonging to Aon Re Bolivia on or about July 22, 2013, to purchase in the name of his company, Grupcor, offices and parking spaces in the building in the City of Santa Cruz de la Sierra, and then caused Grupcor to enter a lease to rent that space to Aon Bolivia.  In Bolivia, the building is referred to as the Alas Business Tower ("Tower Space").

35.     Contreras never informed Aon that he made these payments with Aon Re Bolivia funds to purchase the Tower Space in the name of Grupcor and then to rent the Tower

Space from Grupcor. Aon Re Bolivia has never received any form of repayment of such misappropriated funds.

36. On or about September 17, 2013, Contreras also caused a copy of an unsigned lease for the rental of the Tower Space by Aon Re Bolivia, from Grupcor, to be sent to Aon in Illinois with the intent to conceal that the lessor, Grupcor, was his own company. The lease was approved by Aon on September 17, 2013. On September 19, 2013, Contreras signed the lease on behalf of Aon Bolivia, while someone other than Contreras signed the lease on behalf of Grupcor. The signatory for Grupcor was falsely identified in the lease as Grupcor's "owner." Contreras then caused a copy of the signed lease to be sent to Aon in Illinois. Contreras knowingly and intentionally misrepresented and omitted the material fact of his ownership of Grupcor in numerous emails he caused to be sent to Aon, as well as phone calls with Aon in Illinois, seeking approval for the lease. For example, on August 28, 2013, Contreras caused to be sent an email to Aon's Vice President of Corporate Real Estate discussing the lease between Aon Bolivia and Grupcor and attaching details and analysis regarding the lease. On or around September 16, 2013, Contreras participated in a phone call with an Aon employee in Illinois belonging to the corporate real estate group, Aon's Chief Operating Officer Facilities for the Americas, and a Aon's Vice President of Corporate Real Estate to discuss the lease. In an email sent to Contreras on September 11, 2013, discussing that upcoming call, Aon's Vice President of Corporate Real Estate specifically inquired of Contreras whether there were any conflicts of interest that should be raised in connection with approving the lease.

37. In none of these communications (or any others) did Contreras disclose the material fact that he was a 50% owner of Grupcor. Instead, he misrepresented in the lease that

11

someone other than he and Romero was the owner of Grupcor. Contreras made these misrepresentations and omissions with the intent that Aon would rely on them to approve the lease, which Aon did.

38. In addition, Contreras misappropriated additional funds from Aon Re Bolivia to make payments to himself, including, but not limited, to payments of over $275,000 to an E*Trade account in the U.S. in Contreras' name, which he concealed by misrepresenting the nature and purpose of the payments in financial and accounting records.

39. To be clear, through this action, Aon seeks damages to Aon that were directly and proximately caused by Contreras' misconduct, including, but not limited to, the costs of the investigation and remediation of Contreras' misconduct. Aon's damages include losses it has incurred as a result of the takeover of Aon Re Bolivia by Bolivian regulatory authorities. Aon does not seek herein recovery of the funds Contreras misappropriated from Aon Re Bolivia, including the funds he used to purchase property for his company, Grupcor, and the rents he collected from Aon Re Bolivia for that property. Such damages are the subject of a separate action to be brought by Aon Bolivia and Aon Re Bolivia against Contreras in the Plurinational State of Bolivia.

III. **CONTRERAS VIOLATED AON'S CODE OF CONDUCT AND MISREPRESENTED AND FAILED TO DISCLOSE ANY CONFLICTS OF INTEREST, SELF DEALING, OR OTHER MISCONDUCT.**

40. Aon's Code of Conduct, which applies to "subsidiaries, joint ventures and controlled affiliates" including their "officers, directors, colleagues, and agents (colleagues) throughout the world," strictly prohibits conflicts of interest and self-dealing by its employees and executives:

12

A conflict of interest includes any situation where the interests of Aon differ from or are inconsistent with the interests of the client or business partner; where a colleague's personal or financial interests compete with Aon's or a client/business partner's interests; or where Aon is unable to act in the best interest of one client without adversely affecting another.

Colleagues must not allow competing personal, financial or commercial interests to compromise or appear to compromise their duty to act in a client's or business partner's best interest or to cause a conflict of interests among our clients or between the colleague and the Firm. Colleagues must: Recognize and address potential conflicts of interest; Avoid doing anything that could create the appearance of failing to act in the best interest of our clients or business partners; and Manage actual conflicts of interest that arise. . . .

We avoid conflicts of interest while participating in outside activities. Any colleague planning to serve on an outside board of directors must obtain the appropriate approvals from his or her manager, the Corporate Compliance Department, and Aon's General Counsel, as appropriate.

After joining an outside board of directors, whether for-profit or not-for-profit, a colleague must avoid any actual or perceived conflict of interest, and ensure that he or she does not obtain personal financial advantage that in fact should belong to Aon.

41.     In addition, Aon's Code of Conduct requires the executives and employees of Aon's subsidiaries, including Contreras, to keep and maintain accurate business, accounting, and financial records:

You are responsible for the accuracy, confidentiality and integrity of all Aon business records that you help create or maintain, including time sheets, expense accounts and financial records. Never include any false or misleading information in any business records. Do not establish or maintain any Aon funds, assets or accounts that are not recorded in Aon's books and records.

42.     Contreras was aware of these requirements.  In fact, he completed two online training sessions that Aon provided to ensure that its executives and employees understood and complied with the requirements of the Aon Code of Conduct.

43.     Contreras' self-dealing, and misrepresentations in accounting records to conceal his self-dealing, clearly violated Aon's policy with respect to both conflicts of interest and maintaining accurate business records.  As alleged above, Contreras improperly made payments to himself, directly and indirectly.  Moreover, he did not disclose at any point that he was making payments from funds belonging to Aon Bolivia or Aon Re Bolivia, whether directly or from Aon Re Bolivia funds he directed to Aon Consulting accounts to facilitate his misappropriation of Aon Re Bolivia funds to or for the benefit of Grupcor, which clearly violated Aon's conflicts of interest policy.  He fraudulently concealed his misconduct by misrepresenting the purpose of payments in Aon Bolivia's, Aon Re Bolivia's, and Aon Consulting's business and accounting records.

44.     In addition, from at least 2011 until 2013, Contreras annually completed a Conflict of Interest Disclosure Questionnaire.  He electronically submitted his responses to the Questionnaires to Aon in Chicago, Illinois on June 24, 2011, June 15, 2012, and May 23, 2013.  At no point did Contreras disclose in his responses that he made improper payments to himself or used company funds to purchase buildings in the name of Grupcor and then to make rental payments to Grupcor.  Moreover, Contreras never disclosed any interest in Grupcor or his self-dealing with company funds, despite causing Aon Bolivia and/or Aon Re Bolivia to enter into leases with Grupcor, which was 50% owned by Contreras.

45.     Each Questionnaire asked whether Contreras "had knowledge that he or any immediate family had a position (or were promised a position) with, or a significant interest

14

in, any competitor, client, insurer, provider, or other organization that does business with Aon or any of its subsidiaries/affiliates." The Questionnaires also asked Contreras whether he "had knowledge that he or any immediate family received (or were promised) financial compensation related to business arrangements of Aon or any of its subsidiaries/affiliates." It also asked whether Contreras had knowledge of any action by an employee, executive, or director of Aon or its subsidiaries/affiliates that is or could be in violation of the Code [of Business Conduct]." Contreras responded "No" to all of these questions, despite his ownership of a 50% interest in Grupcor, having made payments to Grupcor with Aon affiliates' funds to purchase buildings, having caused Aon affiliates to enter into leases and make rental payments to Grupcor, having made improper payments to himself from company funds, and having intentionally manipulated Aon Bolivia's, Aon Re Bolivia's, and Aon Consulting's financial and accounting records.

## IV.    CONTRERAS' FALSE AND MISLEADING FINANCIAL REPORTS.

46.    At the end of each fiscal quarter, including from the beginning of 2012 until his resignation in April 2014, Contreras caused to be sent by email to Aon employees in Illinois financial and accounting reports for the financial performance and business activities of Aon Bolivia, Aon Re Bolivia, and Aon Consulting ("Bolivia Financial Reports"). Contreras also sent dozens of emails between 2012 and April 2014 to Aon employees in Illinois regarding the financial results and accounting of Aon Bolivia, Aon Re Bolivia, and Aon Consulting. Each of those Bolivia Financial Reports and other emails misrepresented the true financial results of Aon Bolivia, Aon Re Bolivia, and Aon Consulting, which, as sent by him, did not accurately reflect or disclose the transactions arising out of his misconduct and self-dealing, including improper payments to himself, and were intended to conceal the same.

**V.     CONTRERAS CAUSED AND THEN CONCEALED REGULATORY ISSUES THAT HAVE RESULTED IN DESTRUCTION AND GRAVE HARM TO AON'S BUSINESS IN BOLIVIA.**

47.     In or around March 2014, the Bolivian regulator charged with regulation of insurance in Bolivia—the Autoridad de Fiscalizacion y Control de Pensiones y Seguros ("APS")—initiated a technical audit of Aon Re Bolivia.

48.     As part of the APS audit, APS found that from 2011 to 2014 while Contreras was Aon Re Bolivia's CEO, GM, and Chairman, Aon Re Bolivia underreported its revenues by over $675,000.  As a result, according to APS's audit report, Aon Re Bolivia failed to pay the annual Company Income Tax, Value Added Tax, and Transaction Tax that it owed based on Aon Re Bolivia's actual revenues.  APS found that the financial information reported to APS during these financial periods did not represent the actual situation of Aon Re Bolivia's accounting, distorting the results obtained for these years.  APS also found additional violations of the accounting regulations applicable to entities of the insurance market in Bolivia, all of which were caused by Contreras' management of Aon Re Bolivia.

49.     As a result of its audit and findings, APS permanently revoked Aon Re Bolivia's insurance brokerage license on March 12, 2015.

50.     On April 10, 2015, APS intervened to take control of Aon Re Bolivia as a result of its audit and findings and license revocation.

51.     As a result of the APS regulatory action, Aon is no longer permitted to conduct reinsurance brokerage business locally in Bolivia.

16

52.     The regulatory sanctions have also impaired and effectively destroyed the value of Aon Bolivia's retail operations in Bolivia.

53.     Both prior to and during the beginning of the APS audit, Contreras sent numerous emails to Aon employees in Illinois regarding regulatory issues involving Aon Re Bolivia. But Contreras failed to disclose to Aon in any of those emails that he was underreporting Aon Re Bolivia revenues.

54.     In fact, this was not the first time Contreras attempted to conceal the regulatory issues that eventually led APS to revoke Aon Re Bolivia's license. Ignoring the obvious conflict of interest, and with knowledge of his own misconduct, including his misreporting of Aon Re Bolivia's revenues, improper payments to himself from Aon Re Bolivia funds, and his use of Aon Re Bolivia funds to purchase property in the name of Grupcor, Contreras, in an attempt to conceal and prevent disclosure of his misconduct, sent an email on both August 22, 2012, and October 30, 2012, to Aon employees, including in Illinois, proposing that Contreras personally purchase Aon Re Bolivia, and thereby Aon Consulting, from Aon. On information and belief, Contreras believed that if he purchased Aon Re Bolivia and Aon Consulting, he could conceal his misconduct and improper manipulation of those companies from Aon. Neither Contreras' purchase proposal nor any email sent by him to Aon in connection therewith disclosed the material fact of his misconduct.

55.     Moreover, as part of the purchase proposal he sent on August 22 and October 30, Contreras again misrepresented the financials of Aon Re Bolivia, which he based on false financial and accounting information that he had misrepresented in Aon Re Bolivia's books and records, and which were not supported by legitimate transactions. Aon did not accept the purchase offer because of the obvious conflict of interest it would have created.

## VI.   CONTRERAS KNOWINGLY AND INTENTIONALLY CAUSED INJURY TO AON IN ILLINOIS SOLELY FOR HIS OWN PERSONAL BENEFIT.

56.     Contreras purposefully, knowingly, and intentionally engaged in the misconduct alleged above for his own benefit with knowledge and intent that such misconduct would injure Aon in Illinois.  None of Contreras' misconduct was directed, authorized, or approved by Aon in Illinois, and all of his misconduct was for his own personal benefit.

57.     As a result of this misconduct, Aon has suffered approximately $20 million or more in damages, which damages continue to accrue.  Aon's damages include, but are not limited to:  significant costs incurred in connection with Aon's investigation of Contreras' misconduct and in connection with addressing regulatory issues in Bolivia caused by Contreras' misconduct; the loss of the value of Aon Re Bolivia's business resulting from the regulatory sanctions, which have destroyed Aon's ability to conduct local reinsurance brokerage in Bolivia; the lost value of the Aon Bolivia business, which has been substantially impaired by the regulatory sanctions as to Aon Re Bolivia; and hundreds of thousands of dollars in capital contributions to Aon Re Bolivia that have been needed to make up for the shortfall of Aon Re Bolivia's funds caused by Contreras' misconduct.  These damages continue to mount as Aon is forced to continue addressing the financial, regulatory, and other repercussions of Contreras' misconduct.

58.     Aon was forced to undertake a lengthy investigation to uncover Contreras' misconduct, which he had concealed through the misrepresentations and omissions alleged above.  The costs of Aon's investigation included the costs of the Deloitte Audit and

18

attorneys' fees in connection with its investigation of Contreras' misconduct and to address the regulatory issues that were caused by such misconduct, in addition to other expenses.

59.     Had Contreras not engaged in the misconduct alleged above or had he disclosed his misconduct, including conflicts of interest, self-dealing payments to himself and Grupcor, misrepresenting financial records, and misreporting Aon Re Bolivia's revenues, Aon would not have been forced to undertake its investigation and address regulatory issues that arose because of such misconduct.

60.     In addition, had Contreras not engaged in the misconduct alleged above or disclosed his misconduct, which left a shortfall in Aon Re Bolivia's funds, Aon, through its wholly owned subsidiaries, would not have been forced to make hundreds of thousands of dollars in capital contributions to Aon Re Bolivia to make up for the shortfall of funds caused by Contreras' misconduct.

**COUNT I**

**<u>Breach of Fiduciary Duty</u>**

61.     Aon hereby incorporates and realleges the allegations made in paragraphs 1 through 61 of the Complaint as if set forth fully herein.

62.     As CEO, GM, and Chairman of the Board of Aon Bolivia and Aon Re Bolivia, Contreras owed fiduciary duties to Aon.

63.     Contreras' fiduciary duties to Aon included the duty of loyalty, honesty and good faith, candor, and the duty to exercise his best care, skill, and judgment in the management of Aon Bolivia's and Aon Re Bolivia's business solely in the interest of the companies and Aon, and not for his own personal benefit.

64.     As described above, Contreras breached his fiduciary duties to Aon.

19

65.     As a result of Contreras' breaches of his fiduciary duties, Aon has incurred the significant costs of the extensive investigation of Contreras' misconduct, and attorneys' fees and other costs of addressing the issues that arose with Bolivian regulators as a result of Contreras' misconduct, has suffered the loss of the value of Aon Re Bolivia's business because of the Bolivian regulator's revocation of Aon's ability to conduct local reinsurance brokerage in Bolivia, and has been forced to make hundreds of thousands of dollars in capital contributions to Aon Re Bolivia.

66.     As a result of Contreras' breaches of fiduciary duties to Aon, Aon has incurred damages of approximately $20 million or more.

## COUNT II

### Fraud

67.     Aon hereby incorporates and realleges the allegations made in paragraphs 1 through 67 of the Complaint as if set forth fully herein.

68.     As described above, Contreras knowingly and intentionally made fraudulent representations and misrepresentations and omissions of material fact to Aon, which induced Aon to act based on Aon's reasonable reliance on Contreras' statements.  Aon was significantly damaged because of Aon's reliance on Contreras' statements.

69.     Contreras knowingly and intentionally made fraudulent representations and misrepresentations and omissions of material fact by sending, from at least the beginning of 2012 and until April 2014, manipulatively false quarterly financial and accounting records of Aon Bolivia, Aon Re Bolivia, and Aon Consulting to Aon in Illinois, which misrepresented financial results and omitted the material facts of Contreras' misconduct, including his misappropriation of funds and self-dealing.

20

70.     Contreras knowingly and intentionally made fraudulent representations and misrepresentations and omissions of material fact by failing to disclose in Aon's annual Conflict of Interest Questionnaire, since 2011 and until 2013, that he had secretly directed misappropriated funds to Grupcor, was a 50% owner of Grupcor, had subsequently purchased through Grupcor a building, offices, and parking spaces in La Paz, Bolivia, and Santa Cruz de La Sierra, Bolivia, and had violated the Aon Code of Conduct and engaged in self-dealing, both by improperly paying himself and entering Aon Bolivia and Aon Re Bolivia into business transactions with Grupcor.

71.     Contreras knowingly and intentionally made fraudulent representations and misrepresentations and omissions of material fact in communications with Aon employees regarding the lease with Grupcor for office space in La Paz, Bolivia.

72.     Contreras knowingly and intentionally made fraudulent representations and misrepresentations and omissions of material fact by failing to disclose, in numerous emails sent between 2012 and April 2014 to Aon in Illinois regarding Aon Re Bolivia's regulatory issues, financials of Aon Re Bolivia, and a proposal Contreras made to purchase Aon Re Bolivia from Aon on August 22, 2012, and October 30, 2012, that he underreported Aon Re Bolivia's revenues.  Contreras' misreporting of revenues and other violations of the accounting regulations applicable to entities of the insurance market in Bolivia caused Bolivian insurance regulators to permanently revoke Aon Re Bolivia's insurance brokerage license on March 12, 2015, to intervene and take control of Aon Re Bolivia on April 10, 2015, and to restrict Aon from conducting reinsurance brokerage business locally in Bolivia.  These regulatory sanctions caused Aon significant injury to deal with the consequences of such

regulatory actions in Bolivia and the loss of the value of Aon's reinsurance brokerage business in Bolivia.

73.     Contreras knowingly and intentionally made fraudulent representations and misrepresentations and omissions of material fact by misrepresenting the financials of Aon Re Bolivia in a proposal he made on August 22, 2012, and October 30, 2012, to purchase Aon Re Bolivia from Aon.  He sent this proposal to Aon employees in Illinois.

74.     By making such misrepresentations and omissions of material fact, Contreras intended to induce Aon to allow him to continue as an officer and director of Aon Bolivia, Aon Re Bolivia, and Aon Consulting, not to prevent or remedy his misappropriation of funds, self-dealing with Grupcor, or underreporting of Aon Re Bolivia's revenues, and not to take actions that would have prevented Bolivian regulators from permanently revoking Aon Re Bolivia's brokerage license, intervening to take control of Aon Re Bolivia, and restricting Aon from conducting reinsurance brokerage business locally in Bolivia.

75.     Aon reasonably relied on Contreras' misrepresentations and omissions of material fact and, as a result, Aon allowed him to continue as an officer and director of Aon Bolivia, Aon Re Bolivia, and Aon Consulting, could not prevent or remedy his misappropriation of funds, his self-dealing with Grupcor, or underreporting of Aon Re Bolivia's revenues, and could not take actions that would have prevented Bolivian regulators from permanently revoking Aon Re Bolivia's brokerage license, intervening to take control of Aon Re Bolivia, and restricting Aon from conducting reinsurance brokerage business locally in Bolivia.

76.     Had Aon known the truth regarding Contreras' misrepresentations and omissions, Aon would not have allowed him to continue as an officer and director of Aon

Bolivia, Aon Re Bolivia, and Aon Consulting, would have prevented and/or remedied his misappropriation of funds, his self-dealing with Grupcor, and underreporting of Aon Re Bolivia's revenues, and would have taken actions that would have prevented Bolivian regulators from permanently revoking Aon Re Bolivia's brokerage license, intervening to take control of Aon Re Bolivia, and restricting Aon from conducting reinsurance brokerage business locally in Bolivia.

77.     As a result of Contreras' misrepresentations and omissions of material fact and Aon's reasonable reliance on such misrepresentations and omissions, Aon has incurred the significant costs of the extensive investigation of Contreras' misconduct, and attorneys' fees and other costs of addressing the issues that arose with Bolivian regulators as a result of Contreras' misconduct, has suffered the loss of the value of Aon Re Bolivia's business because of the Bolivian regulator's revocation of Aon's ability to conduct local reinsurance brokerage in Bolivia, and has been forced to make hundreds of thousands of dollars in capital contributions to Aon Re Bolivia.

78.     As a result of Contreras' misrepresentations and omissions of material fact, Aon has incurred damages of approximately $20 million or more.

### DEMAND

WHEREFORE, Plaintiff hereby prays for judgment in its favor against Contreras as follows:

1. Compensatory damages in excess of approximately $20 million for all losses suffered by Plaintiff;

2. Attorneys' fees, costs, and expenses incurred by Plaintiff in bringing and enforcing this action;

3. Punitive damages; and

4. Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

AON CORPORATION

DATE:  June 5, 2015

By: ____/s/ Holly A. Harrison_____
      One of Its Attorneys

      Holly A. Harrison
      Patrick E. Croke
      SIDLEY AUSTIN LLP
      One South Dearborn
      Chicago, IL  60603
      Telephone: 312-853-7000
      Facsimile: 312-853-7036
      hharrison@sidley.com
      pcroke@sidley.com

24