IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AON CORPORATION, | ) |
| Plaintiff, | ) Case No. 15-CV-04980 |
| vs. | ) Honorable Andrea R. Wood |
| JOSE LUIS CONTRERAS CABEZAS, | ) |
| Defendant. | ) |

**PLAINTIFF AON CORPORATION'S MOTION TO STRIKE
UNTIMELY MATERIALS AND WAIVED ARGUMENTS FROM
THE REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff Aon Corporation ("Aon") respectfully moves to strike Exhibits A and B to Jose Luis Contreras Cabezas' ("Contreras") reply in support of his motion to dismiss (the "Reply") (*see* Dkts. 38-1, 38-2), as well as the portions of the Reply that rely upon those exhibits (Dkt. 38 at 2-3, 6). These exhibits—a second declaration of Contreras and a document purportedly containing statistics regarding docket congestion—could have been attached to Contreras' memorandum in support of his motion to dismiss (the "Opening Brief"). Well-settled precedent in this Circuit forbids Contreras from now introducing these new materials and the corresponding arguments in the Reply.

## BACKGROUND

In support of the *forum non conveniens* argument in his Opening Brief, Contreras had the opportunity to and did address both the public and private interest factors relevant to this argument. Related to the private interest factors, Contreras argued that "[m]ost, if not all of the witnesses relating to Aon Bolivia, Aon Re Bolivia, Aon Consulting and Grupcor are in Bolivia,

as is Mr. Contreras and the former COO of the two Bolivian Aon companies who allegedly is also a part owner of Grupcor." (Dkt. 26 at 8.) In support, he cited only his own declaration, which contained a similar conclusory assertion. (*See* Dkt 26-1 ¶ 16 ("Witnesses relating to Aon Bolivia, Aon Re Bolivia, Aon Consulting and Grupcor are in Bolivia, as is Gonzalo Romero Benavente.").) Contreras also argued that "the documents and accounting records of the Bolivian companies as well as evidence regarding the leases . . . are in Bolivia . . . ." (Dkt. 26 at 8.) Here too he relied only on a similar conclusory assertion from his own declaration. (Dkt. 26-1 ¶ 17) ("The documents and accounting records of Aon Bolivia, Aon Re Bolivia, and Aon Consulting, as well as evidence regarding the Bolivian properties about which Aon complains are primarily written in Spanish and are found in Bolivia.").)

In his Reply, Contreras sought to develop this *forum non conveniens* argument by attaching a second declaration relating to the same subject matter. (Dkt. 38-1.) This second Contreras declaration provided new facts regarding (1) the supposed documents that he would rely upon in defense and (2) certain information about supposed witnesses he would call to testify on his behalf. (*Id.*)

As to the public interest factors of Contreras' *forum non conveniens* argument, in his Opening Brief, Contreras argued that these factors also favored dismissal. Contreras chose not to address the factor relating to docket congestion. Contreras, however, attempted to bolster the *forum non conveniens* argument by belatedly submitting a document purportedly containing statistics on this Court's docket congestion as Exhibit B to the Reply. (Dkt. 38-2.)

## ARGUMENT

Settled law prohibits Contreras from introducing these new facts and related arguments on reply. Well-established Seventh Circuit precedent holds that "[n]ew arguments, facts, and

exhibits offered in a party's reply do not allow the other side a fair opportunity to respond and therefore the Court must disregard them." *Smith v. Altman*, No. 12-cv-4546, 2015 WL 5675376, at *2 (N.D. Ill. Sept. 21, 2015); *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989) ("It is well-settled that new arguments cannot be made in reply. This goes for new facts too." (citation omitted)); *Louisma v. Automated Fin., LLC*, No. 11-cv-2104, 2011 WL 5105377, at *3 n.1 (N.D. Ill. Oct. 27, 2011) ("This practice of raising arguments and offering exhibits for the first time in a reply brief must be avoided so as to provide the nonmoving party a fair opportunity to file a comprehensive response."). Similarly, it has long been the law in the Seventh Circuit (and beyond) that arguments not developed until a reply brief are waived. *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 677-78 (7th Cir. 2009); *United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006). Based on these general principles—*i.e.*, "[a]rguments and evidence that could have been raised in the opening brief but are first raised in a reply brief are waived"—a court in this Circuit recently stated that a party cannot use an affidavit on reply to expand on and cure defects with respect to an affidavit attached to an opening brief. *Tellabs Operations, Inc. v. Fujitsu Ltd.*, 283 F.R.D. 374, 379 (N.D. Ill. 2012) (affidavit was improperly attached to a reply brief where it expanded on contentions made in an affidavit attached to the opening brief); *see also Kostovetsky v. Ambit Energy Holdings, LLC*, No. 15-cv-2553, 2016 WL 105980, at *2 (N.D. Ill. Jan. 8, 2016) (striking four pieces of evidence attached to motion to dismiss reply brief where they could have been attached to motion to dismiss opening brief).

Following this clear precedent, this Court should not permit Contreras to introduce new "facts" and "evidence" through his second declaration and docket congestion statistics attached to the Reply, and should find that all arguments relying upon this new evidence were waived. Contreras could have introduced this evidence in connection with the Opening Brief and chose

not to do so. "As the Seventh Circuit has admonished over and over, reply briefs are for replying, not for raising new matters or arguments that could and ought to have been advanced in the opening brief." *Sommerfield v. City of Chicago*, No. 06-cv-3132, 2012 WL 3779104, at *1 (N.D. Ill. Aug. 31, 2012) (collecting cases).

## CONCLUSION

Plaintiff Aon Corporation respectfully requests that this Honorable Court grant its motion and strike Exhibit A to the Reply—Contreras' second declaration (Dkt. 38-1)—and Exhibit B to the Reply—docket congestion statistics (Dkt. 38-2)—and the portions of the Reply relying on them, or disregard these exhibits and corresponding portions of the Reply. Aon further requests that this Court grant all other relief as the Court deems necessary and/or appropriate.

Respectfully submitted,

Dated: September 7, 2016      By: */s/ David G. Jorgensen*

Holly A. Harrison
David G. Jorgensen
HARRISON LAW LLC
1 North LaSalle Street
Suite 2001
Chicago, IL 60602
Phone: (312) 638-8776
Fax:    (312) 638-8793
hollyharrison@hlawllc.com
davidjorgensen@hlawllc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2016 a copy of the foregoing Plaintiff Aon Corporation's Motion to Strike Untimely Materials and Waived Arguments from the Reply in Support of Defendant's Motion to Dismiss was filed electronically. Service of this filing will be made on all counsel of record by the Court's electronic filing system.

                                                     */s/ David G. Jorgensen*